UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BRADLEY J. PRUCHA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00144-JMS-MJD |
| | ) | |
| T.J. WATSON Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

On March 26, 2019, Bradley J. Prucha filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a disciplinary proceeding that commenced with Incident Report No. 3010906. The respondent filed a return to order to show cause on June 25, 2019, dkt. 9, and Mr. Prucha replied on July 18, 2019, dkt. 10. The action is ripe for resolution.

For the reasons explained in this Entry, Mr. Prucha's habeas petition must be **denied**.

**A.      Legal Standards**

"Federal inmates must be afforded due process before any of their good time credits-in which they have a liberty interest-can be revoked." *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011). "In the context of a prison disciplinary hearing, due process requires that the prisoner receive (1) written notice of the claimed violation at least 24 hours before hearing; (2) an opportunity to call witnesses and present documentary evidence (when consistent with institutional safety) to an impartial decision-maker; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Id.*; *see also Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974).

1

In addition, "some evidence" must support the guilty finding. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Jones,* 637 F.3d at 845.

    **B.**    **The Disciplinary Proceeding**

On July 17, 2017, Officer Carson wrote an Incident Report in No. 3010906, charging Mr. Prucha with Code 297, use of phone for abuse other than criminal, stating:

> On July 17, 2017, at approximately 3:00 pm, after reviewing information on inmate Prucha, Bradley, Reg. No. 15321-030 account SIS [Special Investigative Services] conducted the required searches, it was determined his telephone number 812-214-5933, was in violation. This number was determined to use a service that electronically manipulates the dialed call in a manner that masks the identity of the destination telephone call recipient, thus inhibiting the Bureau's Inmate Telephone System (ITS) tracking and investigation functions. Based on Central Office Guidance inmate discipline is appropriate if evidence indicates the inmate had knowledge of, or otherwise facilitated or assisted in the community contact's creation of a local number that violates policy. On July 12, 2017, at 11:47 a.m., inmate Prucha made a telephone call to phone number 812-214-5933, a female answered the phone "Hello," inmate Prucha answered with "Hello" also. Inmate Prucha then stated "Hi you ready for [redacted]. Female stated, "yeah, yes" inmate [redacted]. Another inmate then get on the phone with a deeper voice and talk to the female for the rest of the call. This serves as notice this telephone number will be blocked from the institution.

Dkt. 9-2 at 9.

As part of the investigation, a staff member reviewed the available video and noted that it "clearly showed inmate Prucha on the telephone and then he gives the phone to another inmate." *Id.* at 10; dkt. 9-1 at ¶ 8.

That same day, Mr. Prucha received a copy of the Incident Report and was advised of his rights. Dkt. 9-1 at ¶ 9. Mr. Prucha nodded to indicate that he understood both the report and his rights. *Id.* On July 19, 2017, Mr. Prucha appeared before the Unit Disciplinary Committee (UDC) in relation to this incident. *Id.* at ¶ 10; dkt. 9-2 at 9. At that time, he requested "staff assistance and devices for hearing impairment." *Id.* He also stated that he didn't "really care about" the incident and indicated that other inmates routinely made similar phone calls. *Id.* The UDC referred the

charge to the Disciplinary Hearing Officer (DHO) for further action. *Id.*

Later that day, Mr. Prucha was notified of the DHO referral and advised of his rights at the DHO hearing. Dkt. 9-1 at ¶ 11; dkt. 9-2 at 13-14. He requested a staff representative and a written statement from an inmate witness, whom Mr. Prucha stated would testify "that he used my phone and did not receive an IR [Incident Report]." *Id.* A staff member agreed to serve as Mr. Prucha's staff representative. Dkt. 9-1 at ¶ 12. The inmate witness was prompted to give a statement "regarding the phone call made on PIN # of inmate Prucha 15321-030 on 7-17-2017 at approximately 3:00 pm," but he refused to give any statement. *Id.*; dkt. 9-2 at 16.

Mr. Prucha's DHO hearing took place on July 28, 2017. Dkt. 9-1 at ¶ 13. The DHO advised Mr. Prucha of his rights, and Mr. Prucha stated that he understood them. *Id.* Mr. Prucha was accompanied by his staff representative, who stated that Mr. Prucha requested a hearing aid for the proceeding. *Id.* The DHO contacted medical staff regarding this request, and they advised him that Mr. Prucha was able to communicate effectively without a hearing aid. *Id.* Mr. Prucha and his staff representative indicated they were ready to proceed with the hearing. *Id.* During the hearing, both the DHO and Mr. Prucha's staff representative communicated with him without any problems. *Id.* at ¶ 14.

Mr. Prucha admitted to committing the charged act. He stated, "I let [another inmate] use my phone. I want him written up too." *Id.* He did not dispute any part of the description of events in the Incident Report. *Id.*

The DHO found Mr. Prucha guilty of the charge of phone abuse based on the Incident Report, the video showing Mr. Prucha handing the phone to the other inmate, Mr. Prucha's refusal to make a statement to an investigating Lieutenant, Mr. Prucha's statement to the UDC that he didn't "really care" about the incident, and Mr. Prucha's admission that he let another inmate use

his phone. Dkt. 9-2 at 19. On the second page of the DHO's report, he erroneously stated that Mr. Prucha had committed the charged act "on July 17, 2017," but this was a clerical error. Dkt. 9-1 at ¶ 16; dkt. 9-2 at 19. That same page later indicates that the Incident Report alleged that the charged act occurred on July 12, 2017. *Id.*

The DHO imposed the following sanctions: 27 days disallowance of good conduct time, 180 days loss of phone privileges, and 180 days loss of commissary privileges (suspended 180 days). Dkt. 9-2 at 20.

**C.     Analysis**

Mr. Prucha argues that his due process rights were violated during the disciplinary proceedings. To the extent Mr. Prucha refers to the Americans with Disabilities Act (ADA) and the Rehabilitation Act (Rehab Act), such claims are not properly brought in a petition for writ of habeas corpus under 28 U.SA.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless – he is in custody in violation of the Constitution or law or treaties of the United States;"). Therefore, any ADA or Rehab Act claims are denied without prejudice.

Mr. Prucha's due process claims are that: 1) his hearing impairment was not accommodated during the DHO hearing; and 2) his staff representative questioned his witness about the wrong date. He discusses these claims together.

Mr. Prucha alleges that he is legally deaf and had requested a hearing aid before the hearing began, but was denied. He contends that as a result, his staff representative questioned his witness about a July 17, 2017, call and he was found guilty of making a call on July 17, 2017. Dkt. 1 at 7. He acknowledges that the call alleged in the Incident Report was made on July 12, 2017. *Id.*

Mr. Prucha is correct in stating that his witness was asked about a call that occurred on July 17, 2017, but he is not correct that he was found guilty of a call made on that date. To the extent

4

he is claiming that he was denied the opportunity to present evidence, this could result in a due process violation only if he shows prejudice. *See Jones,* 637 F.3d at 846-47 (absent prejudice, any alleged due process error is harmless error). The witness gave "no statement" when asked about a phone call made using Mr. Prucha's PIN # on July 17, 2017. Dkt. 9-2 at 16. Mr. Prucha argues that the error regarding the date of the call was prejudicial to him because the call asked about was nonexistent. Dkt. 2 at 5. He does not explain, however, what the witness would have said if the date had been correct. This is not surprising given that Mr. Prucha admitted to making the call on July 12, 2017, and to letting the other inmate use his phone. Dkt. 9-2 at 19. Having shown no prejudice from the clerical error, this claim fails.

There is no dispute that Mr. Prucha was not provided a hearing aid at the hearing. His request, however, was not ignored. The DHO contacted medical staff and learned that Mr. Prucha was able to effectively communicate without a hearing aid. Dkt. 9-2 at 19. The DHO reported that he and the staff representative were able to verbally communicate with Mr. Prucha without any difficulties. *Id.* There is no evidence that Mr. Prucha's hearing impairment prevented him from defending the charge and participating in the hearing. This claim also fails.

The Court has also considered whether sufficient evidence was presented. "The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (citation and quotation marks omitted); *see also Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016) ("a hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary."); *Donelson v. Pfister*, 811 F.3d 911, 916 (7th Cir. 2016) ("Under *Hill*, 'the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.'") (quoting *Hill*, 472 U.S. at 455-

56)). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

The DHO relied on the Incident Report, Mr. Prucha's own admission of letting another inmate use his phone, and video evidence showing Mr. Prucha handing the phone to another inmate in deciding that Mr. Prucha was guilty of phone abuse. To the extent Mr. Prucha argues that he did not know that the number he dialed was masked to hide the recipient's identity, dkt. 2 at 5, such knowledge is not required to find he violated Code 297. Code 297 is defined as "[u]se of the telephone for abuses other than illegal activity which circumvent the ability of staff to monitor frequency of telephone use, content of the call, or the number called; or to commit or further a High category prohibited act." 28 C.F.R. § 541.3. Giving another inmate access to his phone circumvented monitoring procedures. *See Gorbey v. Warden*, No. 7:16-cv-00449, 2019 WL 4545618, at *4 (W.D. Va. Sept. 19, 2019) (inmate giving another inmate access to his telephone account violated Code 297) (citing other cases holding same), *appeal docketed*, No. 19-7445 (4th Cir. Oct. 7, 2019); *Clark v. Samuels*, No. CV-14-02593-TUC-BGM, 2018 WL 888978, at *1 (D. Ariz. Feb. 14, 2018) (inmate allowing another inmate access to his phone account number violated Code 297); *Benavides v. Zych*, No. 7:15-cv-00227, 2017 WL 78927, at *2 (W.D. Va. Jan. 9, 2017) (same). Here, there was ample evidence to support the finding of guilt.

Mr. Prucha was given adequate notice and had an opportunity to defend the charge. The DHO provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the decision, including

Mr. Mr. Prucha's own admission. Under these circumstances, there were no violations of Mr. Prucha's due process rights.

D.   **Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Prucha to the relief he seeks. Accordingly, Mr. Prucha's petition for a writ of habeas corpus relating to Report No. 3010906 must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 2/10/2020

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

BRADLEY J. PRUCHA
15321-030
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov